IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ABDUL JAMAL ALI, | : | MOTION TO VACATE |
| BOP # 67125-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:22-CR-330-ELR-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:24-CV-108-ELR-JEM |

## FINAL REPORT AND RECOMMENDATION

Movant, Abdul Jamal Ali, submitted a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Doc. 13.) The Government filed a response in opposition. (Doc. 19.) Movant did not file a reply. For the reasons stated below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

### I. PROCEDURAL HISTORY

On September 14, 2022, Movant was charged by information with conspiracy to possess with intent to distribute "at least 500 grams of a mixture and substance containing a detectable amount of cocaine," in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (Doc. 1 at 1.) On that same date, the District Court accepted Movant's guilty plea. (Doc. 19-1.)

On January 19, 2023, the Government redacted the information by deleting the words "at least 500 grams of" from the quotation above, thereby altering Movant's charge to a violation of 21 U.S.C. §§ 841(b)(1)(C) and 846.

(Doc. 9 at 1.) On January 20, 2023, the District Court filed the Judgment and Commitment, sentencing Movant in accordance with the plea agreement to 108 months of imprisonment, followed by five years of supervised release. (Doc. 11.)

Movant did not appeal. (Doc. 13 at 1-2.) On January 4, 2024, he timely executed his § 2255 motion. (*Id.* at 18.) Movant raises two grounds of ineffective assistance of counsel. (*Id.* at 5-15.)

## II. STANDARD OF REVIEW

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558

(5th Cir. 1980)). The Court need not conduct an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record of the case conclusively show that Movant is not entitled to relief.

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

"[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [pleading guilty] and going to trial." *Searcy v. Fla. Dep't of Corr.*, 485 F. App'x 992, 997 (11th Cir. 2012) (per curiam) (quoting *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)) (internal quotation marks omitted). A defendant who has pleaded guilty must satisfy the second prong of *Strickland* by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Connolly v. United States*, 568 F. App'x 770, 770-71 (11th Cir. 2014) (same). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

## III. DISCUSSION

In ground one, Movant claims that counsel provided ineffective assistance by failing to show him the presentence investigation report "until the day of sentencing." (Doc. 13 at 5.) As a result, Movant claims that he was denied the opportunity to challenge the use of the following previous offenses in determining his criminal history category: (1) "a probation sentence that [he] had completed prior to the instant case"; (2) "a prior marijuana case"; and (3) an "obstruction case that was too old to use." (*Id.*)

The Government provides copies of emails showing that counsel sent Movant the initial presentence investigation report on November 15, 2022, and the final presentence investigation report on January 11, 2023. (Doc. 19-3 at 5, 7.) Movant was sentenced on January 19, 2023. (Doc. 20.) Therefore, Movant fails to show deficient performance because counsel did not wait "until the day of sentencing" to show Movant the presentence investigation report. (Doc. 13 at 5.) Movant also fails to show prejudice.

As to the alleged "probation sentence that [Movant] had completed prior to the instant case," the Government shows that Movant was on supervised release for previous federal convictions in the Western District of Kentucky from July 11, 2018, to July 10, 2021. (*Id.*; Doc. 19 at 13-14.)[1] Movant's present drug conspiracy began on or about November 23, 2020, which was during his supervised release. (Doc. 3-1 at 5.) The sentencing guidelines in effect at the time of Movant's sentencing provided for an additional two points in the determination of criminal history category "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2021). Accordingly, Movant fails to show deficient performance because there was no basis for counsel to challenge the two-point

[1] The Western District of Kentucky transferred jurisdiction of Movant's supervised release to the Northern District of Georgia. *See United States v. Ali*, No. 1:20-CR-81-TCB-1 (N.D. Ga. filed Feb. 10, 2020).

increase that Movant received by committing the present offense while on supervised release. "A lawyer cannot be deficient for failing to raise a meritless claim." *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008). Movant also fails to show prejudice.

As to Movant's "prior marijuana case," the Government shows that Movant pleaded *nolo contendere* to possession of marijuana on October 7, 2014, and was fined $598.00. (Doc. 13 at 5; Doc. 19 at 14-15.) The sentencing guidelines provided for one additional point for that sentence in the determination of criminal history category. U.S.S.G. § 4A1.1(c) (2021). Therefore, Movant fails to show deficient performance because there was no basis for counsel to challenge the one-point increase that Movant received for his possession of marijuana sentence. Movant also fails to show prejudice.

As to Movant's "obstruction case" that was allegedly "too old to use," the Government shows that Movant was convicted of obstruction of a law enforcement officer and sentenced on March 16, 2011. (Doc. 13 at 5; Doc. 19 at 14.) The sentencing guidelines provided that a sentence was counted in the determination of criminal history category if it was imposed 10 or fewer years before the commencement of the present offense. U.S.S.G. § 4A1.1 cmt. n.3 (2021). Movant's present drug conspiracy began on or about November 23, 2020, which was less than nine years and nine months after his obstruction sentence. (Doc. 3-1 at 5.) Accordingly, Movant fails to show deficient performance because there was no basis for counsel to challenge the counting of Movant's

obstruction sentence in the determination of his criminal history category. Movant also fails to show prejudice.

In ground two, Movant claims that counsel provided ineffective assistance by failing to argue for a recalculation of his sentencing guidelines range after the Government deleted the quantity of drugs in Movant's charge. (Doc. 13 at 7.) Movant was originally charged with conspiracy to possess with intent to distribute "at least 500 grams of a mixture and substance containing a detectable amount of cocaine," in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (Doc. 1 at 1.) The Government later deleted the words "at least 500 grams of," thereby altering the charge to a violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. (Doc. 9 at 1.) At sentencing, the Government stated its "belie[f] that the only thing this will change is that [Movant] will no longer be subject to a mandatory minimum since the statutory maximum would be 20 years." (Doc. 20 at 4.) The Government's statement correctly reflected that § 841(b)(1)(B) provides for a mandatory minimum sentence of five years, while § 841(b)(1)(C) provides for a maximum sentence of 20 years.

Despite the Government's redaction of Movant's charge, the factual basis of his guilty plea did not change. In pleading guilty, Movant agreed that he "provided at least five kilograms of cocaine" in the conspiracy. (Doc. 3-1 at 6.) The sentencing guidelines assigned a base offense level of 30 for "[a]t least [five kilograms] but less than 15 [kilograms] of [c]ocaine." U.S.S.G. § 2D1.1(c)(5) (2021). Therefore, the Government's redaction of Movant's charge did not alter his base offense level or the calculation of his sentencing guidelines range.

Movant fails to show deficient performance because there was no basis for counsel to challenge the calculation of Movant's sentencing guidelines range after the Government's redaction. Movant also fails to show prejudice.

Accordingly, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [§ 2255 motion] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it

> debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be **DENIED** because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, Movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## V. <u>CONCLUSION</u>

For the reasons stated above, the undersigned **RECOMMENDS** that (1) the § 2255 motion (Doc. 13) be **DENIED**, (2) a certificate of appealability be **DENIED**, and (3) civil action number 1:24-CV-108-ELR-JEM be **CLOSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**SO RECOMMENDED**, this 23rd day of July, 2026.

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE